NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2021 CA 0681

LAW OFFICES OF ROBERT C. LEHMAN, A PROFESSIONAL LAW
CORPORATION, LAW OFFICES OF ROBERT C. LEHMAN, LLC AND
ROBERT C. LEHMAN, INDIVIDUALLY

VERSUS

SHAWN W. ROGERS, ROGERS LAW FIRM, LLC d/b/a ROGERS LAW
FIRM, NORMAN J. MANTON, JR., AND LOUISIANA CITIZENS PROPERTY
INSURANCE COMPANY

Judgment rendered___**MAR** 0 3 2022___

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 2016-13377 Division F

The Honorable Vincent J. Lobello, Judge Presiding

* * * * *

Robert C. Lehman
Mandeville, Louisiana
Michael E. Holloway
Folsom, LA

Attorneys for Plaintiffs/Appellants
Robert C. Lehman, Individually, and
Law Offices of Robert C. Lehman,
A Professional Law Corporation, Law
Offices of Robert C. Lehman, LLC

Darren A. Patin
Charles G. Clayton, IV
Metairie, LA

Attorneys for Defendant/Appellee
Louisiana Citizens Property Insurance
Company

* * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**HOLDRIDGE, J.**

Plaintiff, Robert C. Lehman, individually, and the law offices of Robert C. Lehman (collectively "Lehman"), appeals a summary judgment rendered in favor of defendant, Louisiana Citizens Property Insurance Company (Citizens). We affirm.

## BACKGROUND

On August 12, 2016, Lehman filed this lawsuit against Shawn Rogers and Rogers Law Firm (collectively "Rogers"), Norman Manton, Jr., and Citizens. In the petition, Lehman made the following allegations: Lehman was engaged by Manton to provide legal services to pursue claims against Citizens, Manton's homeowner's insurer, for damages incurred at Manton's home in 2006 and 2007. Lehman filed two separate lawsuits on Manton's behalf against Citizens in 2007 and 2008 in the 22nd Judicial District Court for the Parish of St. Tammany. On August 5, 2008, Lehman received three checks from Citizens totaling $64,953.18 for damages to the Manton home in connection with the first lawsuit, and received three checks from Citizens totaling $228,510.65 for damages to the Manton home in connection with the second lawsuit. On all six checks, Lehman was named as an additional payee; Lehman endorsed all six checks and tendered them to Manton, who negotiated the checks. However, Manton never paid Lehman legal fees for his work in obtaining the money received from Citizens.

Thereafter, Citizens attempted to have both of the Manton lawsuits dismissed on the basis that the payments were in full settlement of Manton's claims. Lehman opposed that motion, obtaining rulings in both cases that the payments tendered by Citizens were not in full settlement of the two cases but were only payments tendered in satisfaction of the undisputed portion of the damages. Lehman obtained a judgment in the second lawsuit for statutory

2

damages in the amount of $116,342.47, plus attorney's fees and costs, with the amount of the attorney's fees and costs to be determined after a hearing. Citizens sent Lehman a check for $116,342.47, which Lehman placed in his IOLTA trust account.

Continuing, Lehman alleged that about one month after he deposited the statutory damage check in his trust account, he was contacted by Rogers, and the two men held a meeting on August 12, 2015. During the meeting, Rogers informed Lehman that he represented Manton on an unrelated matter and had been advised by Manton that Lehman had stolen $375,000.00 from him by keeping all of the funds Citizens tendered in payment for damages to the Manton home. Later that evening, Rogers informed Lehman that criminal charges were going to be pursued regarding Lehman's theft of Manton's money unless Lehman immediately transferred the $116,342.47 payment from Citizens to Rogers' trust account. Lehman agreed to authorize release of the funds, delivering a check from his trust account to Rogers for the full amount of the funds. After various threats by Rogers, Lehman capitulated to Rogers' demand that he authorize the release of said funds to Manton.

Lehman alleged that on July 5, 2016, he filed a motion for summary judgment in the first Manton lawsuit seeking an award of statutory damages. Thereafter, Lehman discovered that Rogers had enrolled as counsel of record in both of the Manton lawsuits, without notifying Lehman or serving Lehman with a copy of the motion to enroll. Leman further discovered that Rogers waived the majority of the remaining claims, including all claims for attorney's fees and costs in both lawsuits, and without Lehman's knowledge, Rogers entered into a compromise and settlement agreement with Citizens, obtaining a dismissal of both lawsuits with prejudice.

3

Lehman filed an amended petition on January 24, 2017, naming David Walle, Citizen's attorney in the Manton litigation, as a defendant. He also deleted Paragraphs 32 through 36 of the original petition, which contained the bulk of allegations serving as the basis for the lawsuit against Rogers and Citizens, and replaced those paragraphs with new allegations to include Walle. Therein, Lehman alleged that through an orchestrated means of overt and covert actions by Rogers, Citizens, Walle, and Manton, Rogers unilaterally enrolled as counsel in each of the lawsuits Lehman had filed and prosecuted on Manton's behalf without Lehman's knowledge or consent and with full knowledge that Lehman had not withdrawn as counsel of record. Thereafter, Rogers settled the cases and dismissed them with prejudice, all without Lehman's knowledge or consent. Lehman also alleged that by means of the overt and covert actions, including without limitation, coercion, intimidation, and threats to disparage Lehman by alleging unethical and unlawful acts, Rogers, Citizens, Walle and Manton precluded Lehman from receiving the attorney's fees and costs for a judgment which had already been rendered in the second lawsuit to be paid by Citizens and from receiving attorney's fees and costs to be paid by Citizens pursuant to a motion for summary judgment filed by Lehman in the first lawsuit. Lehman asserted that the described overt and covert acts by the defendants caused him to suffer severe distress, anguish, and anxiety.

In the amended petition, Lehman asked for a judgment against the defendants ordering them to pay him damages in a reasonable amount, including without limitation, all attorney's fees and costs in the two Manton lawsuits and the amounts shown at trial of the matter, damages in a reasonable amount as compensation for the emotional distress, mental anguish, and extreme anxiety he suffered as a foreseeable consequence of all of the defendants' actions, costs of the

4

proceedings including attorney's fees and interest, and all other equitable relief available.

On January 2, 2020, Citizens filed a motion for summary judgment. Therein, Citizens sought summary judgment on two grounds: (1) Lehman's failure to establish the essential elements of any possible causes of action with anything more than conclusory and conjectural allegations; and (2) Lehman's undisputed failure to record a written fee contract with Manton pursuant to La. R.S. 37:218[1] precludes Lehman from asserting any of the demands in the litigation against a third party such as Citizens. Citizens maintained that Lehman had no evidence to support his claim that Citizens owed him a duty in connection with the allegations asserted in the petition.

Citizens identified six potential claims raised by Lehman in this lawsuit: (1) defamation; (2) fraud; (3) negligence; (4) intentional or negligent interference with contract; (5) abuse of rights; and (6) conspiracy. Specifically, Citizens argued that summary judgment is warranted as to each of these claims because: (1) Lehman neither alleged nor demonstrated he is capable of producing affirmative evidence establishing a defamation claim against Citizens; (2) Lehman failed to produce any factual support for the fraud claim and merely asserted conclusory allegations devoid of specific facts; (3) all negligence claims whether based in tort or contract, stemming from an alleged duty on Citizens' part to retain any settlement funds

---

[1] Louisiana Revised Statutes, 37:218A states, in pertinent part, as follows:

> By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit. ... Such interest shall be a special privilege to take rank as a first privilege thereon. ... In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending. ... After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.

5

until a determination of the fee entitlement was made, must be dismissed because Lehman failed to record his attorney's fee contract with Manton, thus rendering the attorney's fee contract ineffective against third parties such as Citizens; (4) Lehman cannot establish that Citizens abused his right to settle the original lawsuits filed by Manton because Citizens had a legitimate interest in settling the lawsuits with its policy holder, Manton; and (5) absent an underlying tort, which Lehman failed to substantiate, a conspiracy claim against Citizens is not actionable.

In support of its motion for summary judgment, Citizens submitted a copy of the petition, the amended petition, and excerpts of the depositions of Citizens and Robert Lehman. In his deposition, Andrew Lee, Citizens' representative and the claims adjustor handling the Manton property damage claim after November of 2014, acknowledged that in December of 2015, he was notified by Citizen's attorney, Walle, that Lehman had been terminated and the Mantons were represented by Rogers. Lee testified that everything Citizens did was based upon oral conversations with Walle. According to Lee, based on the nature of the representations made to Citizens, Citizens believed that it was handling the matter appropriately given the circumstances. Although Lee admitted that he personally did not have a letter of withdrawal from Lehman, he stressed that Citizens was represented by counsel. He acknowledged that in December of 2015, he was notified by Walle that Rogers had communicated that Lehman's services had been terminated by Manton. Lee explained that generally, when represented by defense counsel, Citizens follows the attorney's instructions regarding payment and issuance of a check. He testified that in this case, Walle was the one who determined who should be the payees on the settlement checks issued by Citizens, and that decision was based on Rogers' representations of Lehman's termination.

6

In his deposition, Lehman admitted that he never recorded an attorney's fee agreement contract in connection with the two Manton lawsuits with the Clerk of Court for St. Tammany Parish. Lehman acknowledged that Louisiana law, particularly La. R.S. 37:218 requires an attorney fee's agreement to be recorded in order for the attorney to secure a privilege to require his name be put on any settlement checks. Lehman further acknowledged that he was asserting in this lawsuit that Manton could not settle the lawsuits without Lehman's consent if he had a contract to that effect. However, Lehman testified that he did not know if he had a contract to that effect and did not remember what the terms of the contract were.

In opposition to the motion for summary judgment, Lehman offered discovery responses, transcripts of the deposition testimony of Citizens through its representatives Lee and Stephanie Jackson, Lehman's depositions, Citizen's Claim Program and Procedure Guide, and other documentary evidence.

Following a hearing, the trial court granted Citizen's motion for summary judgment and dismissed all claims against Citizens brought by Lehman. The trial court issued lengthy written reasons granting the motion, first finding that Lehman's request to allow further discovery before hearing the motion was unnecessary with respect to Citizens and did not provide a sufficient basis for denying the motion for summary judgment. As observed by the court, Lehman had suggested that Citizens may have additional documents to provide facts as to how the ultimate decision to exclude him as a named payee on the two settlement checks was made which could support his theory that there was some nefarious action against him by the defendants. The trial court disagreed, noting that previous discovery in this case answered that question as it related to liability on Citizens' part. Specifically, the court referenced Lee's testimony that Citizens

7

relied on the information provided to it by its attorney, Walle, when it issued the settlement checks in question, including the payee information. The court also noted that in Walle's discovery responses, he confirmed that payment instructions were given to him by Rogers on behalf of Manton. Walle then advised Lee of Rogers' instructions, and Lee issued the settlement checks on those instructions. The court stressed that Lee testified that he was not involved in any communications with Rogers.[2] Furthermore, the court found that communications which may have taken place between Rogers and Walle regarding the settlement were not relevant to the court's determination of Citizens' motion for summary judgment.

Proceeding to the merits of the motion for summary judgment, the trial court stated that Louisiana jurisprudence is clear that an attorney may impose an obligation upon the client's obligor in the lawsuit, including the defendant's insurer, for an earned attorney's fee only by recording the attorney's fee contract in compliance with La. R.S. 37:218. The court pointed out that compliance with La. R.S. 37:218 creates a cause of action against the client and opposing party for a legal, earned fee in the event of settlement or other disposition without the attorney's consent. However, failure to record the contract renders it ineffective against third parties. Furthermore, the court stated, absent compliance with La. R.S. 37:218, there is no duty on opposing counsel to ensure that a plaintiff's attorney's name is on a settlement check or to monitor the disbursement of settlement funds.

---

[2] In Lee's deposition submitted by Lehman in opposition to the motion for summary judgment, Lee testified that he did not speak with Rogers; rather, Rogers only spoke with Walle, who then advised Citizens. Citizens was advised by Walle that Rogers was solely representing the Mantons and that the Mantons had terminated Lehman due to numerous and various improprieties.

The trial court also found that Lehman failed to produce factual support sufficient to support a cause of action against Citizens arising out of any intentional or fraudulent act allegedly committed by Citizens and instead merely asserted conclusory allegations devoid of specific facts as to Citizens. The court also specifically found that while La. C.C. art. 2315 permits a person to recover damages for injuries caused by the wrongful act of another, Lehman failed to show the existence of a genuine issue of material fact as to Citizen's liability on a tort theory of liability. The court concluded that Citizens, a third-party to an unrecorded contract between Lehman and Manton, did not owe or breach any duty to Lehman under the undisputed facts of the case. Thus, the trial court held that based on all of the evidence submitted on the motion for summary judgment, Lehman failed to demonstrate a genuine issue of material fact supporting his argument that a legal duty existed requiring Citizens to include him as a payee on the settlement checks issued to Manton or that Citizens violated any duty under La. C.C. art. 2315 or La. R.S. 37:218.

## DISCUSSION

After an opportunity for adequate discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966A(3). Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. **Collins v. Franciscan Missionaries of Our Lady Health System, Inc.**, 2019-0577 (La. App. 1st Cir. 2/21/20), 298 So.3d 191, 194-95, writ denied, 2020-00480 (La. 6/22/20), 297

9

So.3d 773. Because it is the applicable law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Labarre v. Occidental Chemical Company**, 2017-1368 (La. App. 1ˢᵗ Cir. 5/2/18), 250 So.3d 932, 938, <u>writ denied</u>, 2018-0912 (La. 9/28/18), 252 So.3d 929.

In this lawsuit, Lehman urged that both Citizens and its attorney, Walle, were liable to him for: (1) allowing Rogers to unilaterally enroll as counsel without Lehman's knowledge or consent; (2) allowing Manton to dismiss the lawsuits; and (3) preventing Lehman from recovering the fees allegedly owed to him by Manton. According to Lehman, Citizens and Walle accomplished these ends through an "orchestrated means of overt and covert actions." However, Lehman failed to allege any facts in his petition to support his claim that Citizens engaged in any type of coercive, intimidating, threatening, or fraudulent conduct designed to disparage Lehman so as to deprive Lehman of his right to collect attorney's fees from Manton. Rather, those allegations are levied against another defendant, Rogers. Moreover, in opposition to the motion for summary judgment, Lehman did not offer any evidence supporting these allegations of misconduct on Citizen's part.

Nor did Lehman offer any evidence in opposition to the motion for summary judgment to support a cause of action against Citizens under La. C.C. 2315. Under Louisiana law, negligence claims are examined using a duty-risk analysis. **Labarre**, 250 So.3d at 938. To prevail on a negligence claim, a plaintiff must demonstrate that the defendant had a duty to conform his conduct to a specific standard. Duty is a question of law. **Id**. The question in this case is whether Lehman has any law, statutory, jurisprudential, or otherwise arising from general principles of fault to support his claim. See **Labarre**, 250 So.2d at 938.

While this appeal was pending, another panel of this court decided the merits of a decision by the same trial court granting Walle's motion for summary judgment which dismissed Walle from this litigation. In **Law Offices of Robert C. Lehman, a Professional Law Corporation v. Rogers**, 2021-0682 (La. App. 1st Cir. 12/22/21), ___ So.3d ___, (**Lehman I**), it was observed that Lehman had alleged that Walle participated in the covert and overt schemes of Citizens, Rogers, and Manton to prevent Lehman from receiving his compensation and that the claims against Walle arose out of the same operative facts as the claims against Citizens. Walle filed a motion for summary judgment asserting that he had no duty to protect Lehman's interest in attorney's fees that might have been owed to him. The trial court agreed and granted Walle's motion for summary judgment.

As in this case, in **Lehman I**, the trial court issued detailed written reasons for judgment holding that by failing to record his contract with Manton to secure his interest in attorney's fees pursuant to La. R.S. 37:218, Lehman forfeited any right to impose an obligation on third parties, and Walle, as opposing counsel, had no duty to defend Lehman's right to a fee. In affirming the summary judgment dismissing Walle from this litigation, this court stressed that the evidence submitted on the motion for summary judgment showed that Lehman only had a contractual obligation with Manton. This court held that Walle, as opposing counsel, had no duty of any kind to protect Lehman's entitlement to attorney's fees. Similarly, we conclude that there is no legal or factual support for Lehman's assertion that Citizens, a third-party, owed Lehman a legal duty to take affirmative steps to protect Lehman's right to recover attorney's fees from Manton so as to impose liability on Citizen's part under general fault principles. Moreover, the purpose of La. R.S. 37:218 is to protect an attorney's right to collect his earned

11

attorney's fees and costs. Lehman failed to adhere to the requirements of La. R.S. 37:218, which would have protected his rights.

Based on the undisputed facts of this case, this court's decision in **Lehman I** that there was no legal basis to impose liability on Citizen's attorney, and our independent review of all of the evidence submitted in support of and in opposition to Citizen's motion for summary judgment, we conclude that the trial court correctly found that there was no basis in law or fact to impose liability on Citizens for failing to take affirmative steps to protect Lehman's entitlement to collect attorney's fees from its insured.[3] Because the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that Citizens is entitled to judgment as a matter of law, we affirm the judgment granting the motion for summary judgment and dismissing Citizens from this lawsuit.

## CONCLUSION

For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs/appellants.

**AFFIRMED.**

---

[3] In his second assignment of error, Lehman contends that the trial court erred by denying him an opportunity for adequate discovery prior to hearing Citizen's motion for summary judgment. For the reasons stated by the trial court in this case and for the reasons stated by this court in **Lehman I** in rejecting an identical argument in that appeal, we find the trial court did not abuse its discretion in disallowing further discovery to be taken before hearing the motion for summary judgment.